IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN SELLERS,              ) | |
|     Plaintiff,           ) | |
|                         ) | |
| v.                         ) | CIVIL ACTION NO. 1:24-00084-JB-N |
|                         ) | |
| LESLIE LESHAN *and*        ) | |
| JPL PASADENA,              ) | |
|     Defendants.          ) | |

## ORDER

The Plaintiff, **JOHN SELLERS**, initiated this civil action without counsel (*pro se*) by filing a complaint with the Court on March 21, 2024. *See* (Doc. 1); Fed. R. Civ. P. 3. By separate order, Sellers has been granted leave to proceed without prepayment of the filing and administrative fees for this action under 28 U.S.C. § 1915. Thus, his complaint is subject to § 1915(e)(2), which states that "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action …—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Because the "language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," the same standards are applied for both. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In general, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The court must "accept the

allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015). Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

As the United States Supreme Court has explained, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid

of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations and some quotations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332, 140 S. Ct. 1009, 206 L. Ed. 2d 356 (2020).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Supreme Court

has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).

In addition to Rule 8(a)'s requirements, Federal Rule of Civil Procedure 10(b) provides: "A party must state its claims…in numbered paragraphs, each limited as far as practicable to a single set of circumstances…If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.' " *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). "The purpose of these rules is self-evident, to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." *Id.* at 1320 (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14

(11th Cir. 1985) (Tjoflat, J., dissenting)). While several different categories of "shotgun pleading" have been recognized, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1321-23. "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Id*. at 1325 (quotation omitted).

Sellers appears to name two defendants to this lawsuit in his complaint: JPL Pasadena, which the undersigned construes as referring to NASA's Jet Propulsion Laboratory in Pasadena, California (https://www.jpl.nasa.gov/); and Leslie Leshan, in his/her capacity as "Director" of JPL Pasadena. In the section of the form complaint Sellers used labeled "Statement of Claim," Sellers alleges, in full, as follows:

> All human rights violations under United States law. Any rights therefore listed under human rights laws that govern the United States and icluding [sic] the United Nations human rights laws.
>
> Abuse by government officials endlessly to bloody point of no return.

(Doc. 1, PageID.4). In a prior section regarding subject-matter jurisdiction, Sellers also alleges that he is asserting claims under "United States Constitution – ALL." (*Id*., PageID.3). As damages, Sellers demands: "ALL claim + Damages – ALL." (*Id*., PageID.4).

Sellers's complaint is at least the "type of shotgun pleading…that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. Rather, the complaint conclusorily alleges that Sellers is collectively asserting all available claims under the United States Constitution and "human rights laws that govern the United States." This is insufficient "to give the defendants adequate notice of the claims against them…" *Weiland*, 792 F.3d at 1323. Sellers's complaint also fails to give adequate notice of "the grounds upon which each claim rests[,]" *id.*, or to satisfy Rule 8(a)(2) more generally, because it is utterly bereft of <u>any</u> well-pleaded factual allegations plausibly suggesting a violation of <u>any</u> constitutional right or human rights law. *Cf. Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (alterations and quotations omitted)). Thus, it is subject to dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and as an impermissible "shotgun pleading."

When faced with a shotgun complaint such as this one, a court can order the plaintiff to replead *sua sponte*. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006) ("Given the district court's proper conclusions that the complaint was a shotgun pleading and that plaintiffs' failed to connect their causes of action to the facts alleged, the proper remedy was to order repleading *sua sponte*."); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Before we explain why appellants' complaints fail to state a claim for relief, we note that the

district court, acting on its own initiative, should have stricken appellants' complaints and instructed counsel to replead their cases—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b). The court clearly had the power to do this. As we have stated on several other occasions, shotgun complaints of the sort filed in these cases are altogether unacceptable." (footnote omitted)). "Where a plaintiff fails to make meaningful modifications to her complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Weiland*, 792 F.3d at 1321.

Moreover, the general rule in this circuit for *pro se* plaintiffs is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties)). Only "where the plaintiff has indicated that he does not wish to amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" may a district court dismiss a *pro se* complaint with prejudice without granting leave to amend. *Id.* The undersigned sees no indication in the record that Sellers would not want the chance to amend his complaint prior to dismissal. Moreover, while Sellers's sparse and vague allegations claiming broad violations of the Constitution and human rights laws against a NASA laboratory and its director do not suggest it likely that he will be able to state a claim against either

in a more carefully drafted complaint, the undersigned cannot rule out the possibility completely, especially given that it is unclear what specific claims Sellers is actually asserting.

Accordingly, Sellers will be given an opportunity to amend his complaint to correct the "shotgun" nature of his complaint, and to allege enough well-pleaded factual matter plausibly stating claims for relief, in accordance with the standards set out above. Specifically, Sellers must:

- in accordance with Rule 10(b), state his "claims … in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and "each claim founded on a separate transaction or occurrence … must be stated in a separate count[;]"

- clearly state each claim or cause of action he is bringing, and under what statute or other authority it is asserted;

- for each claim and cause of action, allege sufficient well-pleaded factual matter showing that the claim or cause of action is "plausible on its face," in accordance with the above-described standards; and

- make sufficiently clear which factual allegations are intended to support which claims or causes of action

In accordance with the foregoing analysis, Sellers is **ORDERED** to file, no later than **OCTOBER 24, 2024**, an amended complaint that addresses and cures the defects discussed above. The failure to do so will result in entry by the undersigned of a recommendation that the Court dismiss this action under 28 U.S.C.

§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and/or under Federal Rule of Civil Procedure 41(b) and the Court's inherent authority for failure to obey an order, *see Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). The amended complaint, if filed, must reproduce the entire complaint "as amended and may not incorporate any prior pleading by reference[,]" S.D. Ala. CivLR 15(a), and it will become the operative complaint in this action.[1]

For his convenience, the Clerk of Court is **DIRECTED** to send Sellers a copy of the Court's form Complaint for a Civil Case (https://www.alsd.uscourts.gov/sites/alsd/files/forms/ProSe1Form.pdf) along with this order. However, Sellers is advised that neither the Federal Rules of Civil Procedure nor the Court's Local Rules require use of this form for civil complaints.

## NOTICE TO *PRO SE* PLAINTIFF

The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal

---

[1] "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)). *See also, e.g., Fritz v. Standard Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").

Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the Plaintiff registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his signature in order to satisfy Rule 11(a).[2] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures

---

[2] *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[3]

**DONE** and **ORDERED** this the **26th** day of **September 2024**.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders