IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN SELLERS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:24-00084-JB-N |
| | ) |
| LESLIE LESHAN *and* | ) |
| JPL PASADENA, | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

The Plaintiff, **JOHN SELLERS**, initiated this civil action without counsel (*pro se*) by filing a complaint with the Court on March 21, 2024. *See* (Doc# 1); Fed. R. Civ. P. 3. On September 26, 2024, the Court entered two orders that, collectively, granted Sellers leave to proceed without prepayment of the filing and administrative fees for this action under 28 U.S.C. § 1915 (i.e., *in forma pauperis*), directed the Clerk of Court to withhold service, and ordered Sellers to file an amended complaint by October 24, 2024. (*See* Docs# 3, 4). The Court mailed Sellers copies of those two orders at the mailing address provided in his complaint: 279 N. Washington Ave., Mobile, AL 36603. Those copies were returned to the Court as "Not Deliverable as Addressed/Unable to Forward." (Doc# 5). To date, the Court has not received anything else from Sellers since he initiated this action, nor has he contacted the Clerk of Court to update his mailing address.[1]

---

[1] Sellers provided a contact email address on his complaint, but it is not completely legible as written. (*See* Doc# 1, PageID.1). Sellers also provided a contact telephone number (*see id.*), but it is for an out-of-state relative who claimed to not know how to get in contact with Sellers.

## I.   *Analysis*

### a. Failure to State a Claim Upon Which Relief May Be Granted

Because Sellers was granted leave to proceed *in forma pauperis*, his complaint is subject to § 1915(e)(2), which states that "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action …—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Because the "language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," the same standards are applied for both. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In general, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015). Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

As the United States Supreme Court has explained, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations and some quotations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts "'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.'" (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*,

556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332, 140 S. Ct. 1009, 206 L. Ed. 2d 356 (2020).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly,* 550 U.S. at 567)).

Sellers appears to name two defendants to this lawsuit in his complaint: JPL Pasadena, which the undersigned construes as referring to NASA's Jet Propulsion Laboratory in Pasadena, California (https://www.jpl.nasa.gov/); and Leslie Leshan, in his/her capacity as "Director" of JPL Pasadena. In the section of the form complaint Sellers used labeled "Statement of Claim," Sellers alleges, in full, as follows:

> All human rights violations under United States law. Any rights therefore listed under human rights laws that govern the United States and icluding [sic] the United Nations human rights laws.
>
> Abuse by government officials endlessly to bloody point of no return.

(Doc. 1, PageID.4). In a prior section regarding subject-matter jurisdiction, Sellers also alleges that he is asserting claims under "United States Constitution – ALL." (Id., PageID.3). As damages, Sellers demands: "ALL claim + Damages – ALL." (Id., PageID.4). Sellers's complaint fails to satisfy Rule 8(a)(2), because it is utterly bereft of any well-pleaded factual allegations plausibly suggesting a violation of any constitutional right or human rights law. *Cf. Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (alterations and quotations omitted)). Thus, it is due to be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[2]

---

[2] The general rule in this circuit for *pro se* plaintiffs is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."

### b. Failure to Prosecute

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *See also Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). As was previously noted, *see* n.2, *supra*, given that Sellers has not updated his address, checked his case's status, or otherwise contacted the Court in the 10 months since he filed his complaint, it is clear that Sellers has not been diligently prosecuting this action, and indeed appears to have abandoned its prosecution. Accordingly, this action is also due to be dismissed without prejudice for

---

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties)). Only "where the plaintiff has indicated that he does not wish to amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" may a district court dismiss a *pro se* complaint with prejudice without granting leave to amend. *Id.* The Court having not heard anything from Sellers in the 10 months since he initiated this action, even to update his mailing address, the undersigned construes this silence as Sellers's abandonment of this action, and thus finds that he would not wish to further amend his complaint. Nevertheless, the undersigned will recommend dismissal of the complaint without prejudice.

failure to prosecute under both Rule 41(b) and the Court's inherent power to manage its docket.[3]

## II.  *Conclusion*

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** (1) under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, and (2) for failure to prosecute this action under both Rule 41(b) and the Court's inherent authority.

---

[3] Where dismissal of a complaint without prejudice has the effect of precluding a plaintiff from refiling his claim due to the running of the statute of limitations, the dismissal is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993). Sellers's complaint can best be construed as, at the very least, asserting claims against a federal agency and its director under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), for violations of his federal rights, which are subject to a 2-year statute of limitation in Alabama. *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (per curiam) ("All constitutional claims brought under [42 U.S.C.] § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. In Alabama, … that limitations period is two years." (citation and quotation omitted)); *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996) (holding that "the same statute of limitations applicable to actions under 42 U.S.C. § 1983 should apply to *Bivens* actions"). However, the complaint's sparse allegations give no indication of when any such cause of action could have accrued, and less than a year has passed since the complaint was filed. Thus, it is not obvious from the current record that a dismissal without prejudice at this time is tantamount to dismissal with prejudice. Nevertheless, even if the applicable statute of limitations would preclude some of Sellers's claims if he refiled his complaint, the undersigned finds that dismissal for failure to prosecute is still warranted because, as explained above, Sellers appears to have abandoned prosecution of this action. Without Sellers's active participation in this case, and without any current means by the Court (or potential opposing parties) to contact him, this action cannot proceed. Thus, sanctions less than dismissal are inadequate. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) ("Dismissal with prejudice [for failure to prosecute] is not proper unless the district court finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." quotation omitted)).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.[4] Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **27th** day of **January 2025**.

*/s/ Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Mailing Sellers a copy of this document at his last known address, even if he no longer resides there, constitutes service on him. *See* Fed. R. Civ. P. 5(b)(2)(C).